IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
99 MAY 19 PM 12:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MONUMENTAL LIFE INSURANCE COMPANY,   ]<br>   ]<br>Plaintiff,   ]<br>   ]<br>vs.   ]<br>   ]<br>JOHN M. JOHNSON, individually   ]<br>and in his capacity as personal   ]<br>representative of the Estate of Laura   ]<br>L. Johnson, ZACHARIAH JOHNSON,   ]<br>JESSE JOHNSON, and   ]<br>SARAH JOHNSON, a minor.   ]<br>   ]<br>Defendants.   ] | CIVIL ACTION NO. 98-RRA-1766-M<br><br>ENTERED<br><br>MAY 19 1999 |

## MEMORANDUM OF OPINION

Before the Court is plaintiff Monumental Life Insurance Company's "Motion to Grant Interpleader." Laura L. Johnson was killed when she fell 300 feet off a cliff on October 12, 1997. Monumental Life had issued group accidental death insurance certificates or policies on Laura Johnson. The decedent's husband, John M. Johnson, submitted a claim to the plaintiff for the proceeds owing under the said certificates or policies. Because the FBI and the United States Attorney's office were investigating the possibility that John M. Johnson intentionally killed Laura Johnson, Monumental was uncertain as to whom the certificate or policy proceeds should be paid. Ala. Code §43-8-253 provides that a named beneficiary under a life insurance policy is not entitled to insurance proceeds if that beneficiary "intentionally or feloniously" killed the insured,

36

rather the proceeds pass according to the decedent's will, if there is a will, and, if there is not, according to the laws of intestacy. Thus, Monumental deposited $199,750.00 with the court, as that sum represents the proceeds of the said certificates or policies. The named defendants in this case are the husband of the decedent, John M. Johnson, and her children, Zachariah Johnson, Jesse Johnson, and Sarah Johnson. Sarah Johnson is a minor, for whom an attorney has been appointed to serve as guardian ad litem.

In its motion, Monumental seeks to be discharged from any liability to the named defendants under the said accidental death insurance certificates or policies. The plaintiff also requests that the court make its discharge final under Rule 54(b). The defendants were given until May 13, 1999, to object to the motion. No objections have been filed.

After consideration of the said motion, the court is of the opinion that it is due to be granted and the relief requested therein awarded. An order in accordance with this memorandum opinion will be entered.

DONE this 19th day of May, 1999.

Edwin L. Nelson
United States District Judge